AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

### for the

### District of Columbia

| | |
|---|---|
| United States of America | ) |
| v. | ) Case: 1:24–mj–00013 |
| | ) Assigned To : Upadhyaya, Moxila A. |
| Charles Tyler Himber | ) Assign. Date : 1/16/2024 |
| | ) Description: COMPLAINT W/ARREST WARRANT |
| | ) |
| | ) |
| _____ | ) |
| Defendant | |

## ARREST WARRANT

**To:** Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* _____ Charles Tyler Himber _____ ,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☒ Complaint
☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 231(a)(3) (Civil Disorder);
18 U.S.C. § 1752(a)(1) (Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority);
18 U.S.C. § 1752(a)(2) (Disorderly or Disruptive Conduct in a Restricted Building or Grounds);
40 U.S.C. § 5104(e)(2)(D) (Disorderly or Disruptive Conduct in a Capitol Building);
40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building).

Date: _____01/16/2024_____          _____
                                         *Issuing officer's signature*

City and state: _____Washington, D.C._____     Moxila A. Upadhyaya, U.S. Magistrate Judge
                                         *Printed name and title*

| Return |
|---|

This warrant was received on *(date)* __01/16/04__ , and the person was arrested on *(date)* __2/16/24__
at *(city and state)* __Golden Meadow, LA__ .

Date: __2/16/24__          _____
                                *Arresting officer's signature*

                           Christian Simon   Special Agent
                                *Printed name and title*

AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
District of Columbia

| United States of America | )<br>)<br>)<br>)<br>)<br>)<br>) | Case: 1:24−mj−00013<br>Assigned To : Upadhyaya, Moxila A.<br>Assign. Date : 1/16/2024<br>Description: COMPLAINT W/ARREST WARRANT |
|---|---|---|

United States of America
v.

Charles Tyler Himber
DOB: XXXXXX

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____January 6, 2021_____ in the county of _____ in the

_____ in the District of ___Columbia___ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|

18 U.S.C. § 231(a)(3) (Civil Disorder),
18 U.S.C. § 1752(a)(1) (Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority),
18 U.S.C. § 1752(a)(2) (Disorderly or Disruptive Conduct in a Restricted Building or Grounds),
40 U.S.C. § 5104(e)(2)(D) (Disorderly or Disruptive Conduct in a Capitol Building),
40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building).

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1
by telephone.

Date: ___01/16/2024___

_____
*Judge's signature*

City and state: _____Washington, D.C._____     Moxila A. Upadhyaya, U.S. Magistrate Judge
_____
*Printed name and title*

Case 1:24-cr-00129-LLA   Document 7   Filed 02/16/24   Page 3 of 29

Case: 1:24-mj-00013
Assigned To : Upadhyaya, Moxila A.
Assign. Date : 1/16/2024
Description: COMPLAINT W/ARREST WARRANT

## STATEMENT OF FACTS

Your affiant, Donald J. Quinn, is a Special Agent with the Federal Bureau of Investigation, assigned to the New Orleans Division, Joint Terrorism Task Force. In my duties as a Special Agent, I investigate domestic terrorism. I have been employed in a law enforcement capacity since September 2005, first with the Fairmont West Virginia Police Department (2005-2007), then with the Clarksburg West Virginia Police Department (2007-2017), then with the National Instant Criminal Background Check System (2017-2022), and since 2022 with the FBI. As a law enforcement officer, I have participated in a wide variety of criminal investigations concerning, among other things, robbery, drug and violent crimes, white collar crimes, and other non-violent crime. In addition, I have participated in the preparation and execution of many searches and arrests. Among other things, I am tasked with investigating criminal activity in and around the Capitol grounds on January 6, 2021. As a Special Agent, I am authorized by law or by a government agency to engage in the prevention, detection, investigation, or prosecution of a violation of Federal criminal laws.

## I.       The Events Of January 6, 2021

The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification were allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, S.E., in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

At such time, the certification proceedings were still underway, and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m., members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President

Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

## II.   Actions Of Charles Tyler Himber

Charles Tyler Himber first came to the attention of the FBI when he was observed on Facebook saying, "We're in" and "Making history" on January 6, 2021.



*Image 1: Himber's initial Facebook posts*



*Image 2: Himber's subsequent Facebook post*

Three items posted to Himber's Facebook account showed his activity in and around Washington, D.C. at the time. The first was a pinned map from January 5—the day before the attack on the Capitol—showing Himber in Richmond, Virginia, a little over 100 miles from the Capitol. The caption read, "Headed to Washington D.C. . . . . Donald Trump is your President." The second photo showed Himber with several associates wearing the same clothes he ultimately wore to the Capitol: tan boots, jeans, a black jacket, tan body armor, an American flag mask, and a green and gray hat. The third photo appears to have been taken at the Stop the Steal rally before the attack on the Capitol.



*Image 3: Himber's pin in Richmond, Virginia*






*Image 4: Himber (circled in yellow) with associates*

*Image 5: Stop the Steal rally*

A subsequent review of Closed-Circuit Television and publicly available film showed Himber's movement around and in the Capitol on January 5 to January 6, 2021. For instance, video showed Himber out with protesters from the night before, on January 5:



*Image 6: Himber the night of January 5, 2021 in Washington D.C.*

On January 6, third party footage showed that Himber attended the "Stop the Steal" rally. He wore the same clothes from his photo posted to Facebook, including tan body armor, a black jacket, an American flag scarf, and a green and gray hat. He appeared to film the scene with his mobile phone:

 

*Image 7: Himber at the Stop the Steal rally*          *Image 8: Himber filming the Stop the Steal rally*

From the Stop the Steal rally, Himber traveled to the Capitol grounds, trespassing over the restricted perimeter established by the U.S. Secret Service and Capitol Police. He appeared to continue to film his travel as he did so:



*Image 9: Himber travels over the Capitol's restricted perimeter*

Himber then made his way to the east side of the Capitol, where he tried to enter the building through the East Rotunda Doors. An alarm rang as some rioters were escorted out of the building and as others—including Himber—pushed to get in. At that moment, Himber joined with others in pushing rioters forward, who in turn pushed police, as Himber and others tried to force their way inside. Despite the attack on the officer, they were unsuccessful, and the police were able to close the door. At that point, Himber screamed, "Let us in!"



*Image 10: Himber pushes crowd against officer*



*Image 11: Himber screams "Let us in!"*

Around 2:21 p.m., as some rioters were still inside by the East Rotunda Doors, and others outside were trying to push in, a crowd of rioters from the outside managed to push past the police and into the building. Himber was part of the push:



*Image 12: Himber rushing into the Rotunda antechamber*

From there, Himber pushed his way, along with other rioters, into the Rotunda, before police were able to close the interior doors. At that point, it quickly became apparent that Himber and the other rioters were surrounded by police, and they surrendered. Before he did, however, Himber appeared to take part in a selfie with several other rioters he had traveled with.



*Image 13: Himber taking a selfie in the Rotunda*

Himber and others were then escorted out of the building:

8



*Image 14: Himber leaving the Capitol*



*Image 15: Himber having left the Capitol*

Back outside the Capitol, Himber climbed onto an armored truck, and elsewhere yelled at someone filming the scene, "you're not fucking safe!"



*Image 16: Himber climbs on top of an armored truck*

9



*Image 17: Himber screams "you're not fucking safe!"*

Himber could be seen leaving the Capitol grounds with several associates, sometime as the afternoon turned into evening.



*Image 18: Himber standing near bike racks*



*Image 19: Himber leaving the Capitol grounds*

On May 12, 2021, FBI agents interviewed Himber. Himber said that he traveled to Washington, D.C. to attend the "Stop the Steal" rally. He claimed, however, that his statement on

11

Facebook that "We're in" was made only when he heard that other attendees had entered the Capitol. He added that he did not enter the restricted area in or around the Capitol. This, as shown above, was false.

On August 31, 2023, I interviewed Himber at his home in Slidell, Louisiana. I can confirm that Himber's appearance matched that of him in the photos above. During the interview, Himber admitted to going to Washington D.C. on January 5, 2021, but initially denied entering the Capitol the next day. When shown a picture of himself in the building, however, Himber recanted, and said that he entered the building, but had been pushed into the crowd, and was only there for a second before being immediately escorted out of the building. He also claimed to help law enforcement officers and civilians who had been injured, including a woman who had been stabbed. To date, I am unaware of any evidence that Himber actually provided such support.

Based on the foregoing, I submit that there is probable cause to believe that Himber violated 18 U.S.C. § 231(a)(3), which makes it unlawful to commit or attempt to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function. For purposes of 18 U.S.C. § 231, a federally protected function means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof. This includes the Joint Session of Congress where the Senate and House count Electoral College votes. I am aware that the riot at the U.S. Capitol adversely affected commerce as well.

I also submit that there is probable cause to believe that Himber violated 18 U.S.C. § 1752(a)(1) and (2), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions.

I also submit that there is probable cause to believe that Himber violated 40 U.S.C. § 5104(e)(2)(D) and (G), which makes it a crime to willfully and knowingly (D) engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; and (G) parade, demonstrate, or picket in any of the Capitol Buildings.

_____
Donald J. Quinn
Special Agent
Federal Bureau of Investigation


    Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 16th day of January, 2024.


_____
HONORABLE MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE

MINUTE ENTRY
FEBRUARY 16, 2024
CURRAULT, M. J.



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 24-11

CHARLES TYLER HIMBER                        SECTION: MAG

INITIAL APPEARANCE

APPEARANCES:  X  DEFENDANT WITH/WITHOUT COUNSEL  *FPD for appointment*
_____
              X  ASSISTANT U.S. ATTORNEY Christine CALOGERO _____
              ___ INTERPRETER  _____
              Designated by Court and sworn.    Time: _____ .M to _____ M.

__/ DEFENDANT CONSENTED TO APPEAR BY VIDEO

X/ DEFENDANT WAS ADVISED OF HIS RIGHTS

X/ READING OF THE COMPLAINT FROM DISTRICT OF __COLUMBIA_____ WAS:
   READ   WAIVED  SUMMARIZED

__/ DEFENDANT INFORMED THE COURT THAT COUNSEL HAS BEEN/WOULD BE
RETAINED

X/ REQUESTED COURT-APPOINTED COUNSEL; SWORN RE FINANCIAL STATUS

X/ FEDERAL PUBLIC DEFENDER *temporarily* APPOINTED TO REPRESENT THE DEFENDANT

__/ DEFENDANT FOUND NOT TO BE LEGALLY INDIGENT

MJSTAR: 00:25

X / BOND SET AT  *$5,000 unsecured appearance bond*

SPECIAL CONDITIONS: (1) HE SHALL NOT COMMIT A FEDERAL, STATE OR LOCAL CRIME DURING THE PERIOD OF RELEASE; (2) HE SHALL NOT INTERFERE WITH, INTIMIDATE, THREATEN, HARM, OR INFLUENCE ANY JUROR, GOVERNMENT WITNESSES, VICTIMS OR FEDERAL AGENTS.

_____SEE ATTACHED FOR ADDITIONAL CONDITIONS OF RELEASE_____

__/ GOVERNMENT ADVISED OF ITS OBLIGATIONS TO PRODUCE ALL EXCULPATORY EVIDENCE TO THE DEFENDANT PURSUANT TO *BRADY V. MARYLAND* AND ITS PROGENY AND ORDERED TO DO SO TIMELY.

__/ DEFENDANT REMANDED TO THE CUSTODY OF THE U.S. MARSHAL; DEFENDANT

DETAINED TEMPORARILY UNTIL DETENTION HEARING IN _____

X / DEFENDANT RELEASED ON BOND

X / DEFENDANT INFORMED THAT PRELIMINARY HEARING/REMOVAL HEARING *Identity* IS

SET FOR: WAIVED TO BE HELD IN _DISTRICT OF COLUMBIA_____

__/ HEARING TO DETERMINE COUNSEL IS SET FOR _____

__/ DEFENDANT INFORMED THAT DETENTION HEARING IS SET FOR:

WAIVED TO BE HELD IN _____

__/ DEFENDANT ORDERED TO RE-APPEAR FOR PRELIMINARY HEARING/REMOVAL

HEARING/ARRAIGNMENT/DETENTION HEARING/HEARING TO DETERMINE COUNSEL

WITH COUNSEL _____

__/THE COURT ACCEPTED DEFENDANTS VERBAL CONSENT IN LIEU OF SIGNATURE ON THE APPEARANCE BOND AND ORDER SETTING CONDITIONS OF RELEASE.

X WAIVER OF RULE 5 & 5.1 HEARINGS EXECUTED



DEFENDANT'S NAME: <u>CHARLES TYLER HIMBER</u>          CASE NO. 24-mj-11

### ADDITIONAL CONDITIONS OF RELEASE

Third Party Custodian: _____

<u>The defendant must:</u>

[✔] a) submit to supervision by and report for supervision to <u>US PROBATION</u> through office visits ONLY

[ ] b) continue or maintain employment

[ ] d) surrender any passport to <u>U.S. Probation</u>

[ ] e) not obtain a passport or other international travel document

[✔] f) abide by the following travel restrictions: Continental U.S. [ ] EDLA [✔] LA [ ]

Other <small>Travel Restricted to the Eastern District of Louisiana with the allowance to continental U.S. with prior approval by U.S. Probation</small>

[ ] g) avoid all contact with victim/witness [ ] co-defendants [ ]

Other _____

[ ] h) medical or psychiatric treatment if directed by Pretrial Services

[✔] k) not possess firearm, destructive device or other weapon

[ ] l) not use alcohol: at all [ ] excessively [ ]

[ ] m) not use or unlawfully possess narcotic drug/controlled substances

[ ] n) submit to testing for a prohibited substance if required by Pretrial Services

[ ] o) participate in substance abuse treatment as directed by Pretrial Services

[ ] p) participate in location restriction program: [ ] (i) Curfew

    [ ] (ii) Home Detention

    [ ] (iii) Home Incarceration

    [ ] (iv) Stand Alone Monitoring

[ ] q) submit to the following location monitoring technology and comply with its requirements as directed:

    [ ] (i) Location monitoring technology as directed by the pretrial services or supervising officer; or

    [ ] (ii) Voice Recognition; or

    [ ] (iii) Radio Frequency; or

    [ ] (iv) GPS.

[ ] r) pay all or part of the cost of location monitoring as determined by Pretrial Services or supervising officer

[✔] s) report every contact with law enforcement personnel to Pretrial Services

[✔] t) Other(s): _____

Stay away from Washington DC except for court proceedings. *and meetings with counsel*

Resolve any outstanding attachments in 22nd Judicial District Court within 30 days of release.

*Allowed to travel offshore for work purposes; International travel must be approved by the court*



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CR.NO. 24-11 MAG |
| | ____ **ORDER** |
| VERSUS | __X__ Appointing Counsel |
| | Substituting Counsel For: |
| CHARLES TYLER HIMBER | _____ |
| | ____ Ratifying Prior Service |
| | ____ Extending Appointment For Appeal |

CHARGE:   KNOWINGLY ENTERING OR REMAINING IN ANY RESTRICTED
BUILDING OR GROUNDS WITHOUT LAWFUL AUTHORITY
__X__ FELONY   ____ MISDEMEANOR

__X__ The defendant, having satisfied this Court that he/she:  (1) is financially unable to employ counsel, and (2) does not wish to waive counsel, and because the interests of justice so require, the Federal Public Defender named below is hereby appointed to represent this defendant in the above designated case until relieved by order of the District Court:

**CLAUDE KELLY, FEDERAL PUBLIC DEFENDER, HALE BOGGS  FEDERAL BLDG., RM 318, 500 CAMP ST, NEW ORLEANS, LA 70130 PHONE: (504)589-7930**

____ Federal Public Defender is appointed for the limited purpose of:


____ It appearing to the Court that although the defendant is financially unable to employ counsel, he/she is totally indigent.

____ IT IS FURTHER ORDERED that the defendant pay to the Clerk, U. S. District Court for services of counsel, the total amount of $_____ to be paid within 10 working days
or by _____.

____ IT IS FURTHER ORDERED that the defendant is to pay to the Clerk, U.S. District Court, for services of counsel, $ _____ per month.  This amount is to be paid, beginning on _____, 20___, until further orders of the Court.


Dated at New Orleans, Louisiana, on   FEBRUARY 16, 2024

_____
UNITED STATES MAGISTRATE JUDGE

Copy to Financial Unit Clerk (*Only if defendant is ordered to pay*)

AO 466A (Rev. 12/17)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Louisiana

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.   24-11 MAG |
| CHARLES TYLER HIMBER | ) | |
| | ) | Charging District's Case No.   1:24-mj-00013 |
| _____ | ) | |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*          District of Columbia

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)     a hearing on any motion by the government for detention;

(6)     request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

❑     an identity hearing and production of the warrant.

❑     a preliminary hearing.

❑     a detention hearing.

☒     an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district.  I request that my
        ☒ preliminary hearing and/or ❑ detention hearing be held in the prosecuting district, at a time set by
        that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:   2/16/24

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Warner B. Thompson
*Printed name of defendant's attorney*

# UNITED STATES DISTRICT COURT
### for the
### EASTERN District of LOUISIANA



SEALED

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) |
| CHARLES TYLER HIMBER | ) |
| | ) |
| _Defendant_ | ) |

Case No.    24-11 MAG

## APPEARANCE BOND

### Defendant's Agreement

I, _____ CHARLES TYLER HIMBER _____ _(defendant)_, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

( X )    to appear for court proceedings;
( X )    if convicted, to surrender to serve a sentence that the court may impose; or
( X )    to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

(   ) (1)   This is a personal recognizance bond.

( ✓ ) (2)   This is an unsecured bond of $ _5,000_ .

(   ) (3)   This is a secured bond of $ _____ , secured by:

     (   )   (a) $ _____ , in cash deposited with the court.

     (   )   (b)   the agreement of the defendant and each surety to forfeit the following cash or other property _(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value):_

       _____ .

       If this bond is secured by real property, documents to protect the secured interest may be filed of record.

     (   )   (c)   a bail bond with a solvent surety _(attach a copy of the bail bond, or describe it and identify the surety):_
       ❏ Personal Surety           ❏ Commercial Surety

       _____

### Forfeiture or Release of the Bond

_Forfeiture of the Bond._ This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

DEFENDANT: CHARLES TYLER HIMBER              CASE NO.:24-11  MAG

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

### Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1)      all owners of the property securing this appearance bond are included on the bond;

(2)      the property is not subject to claims, except as described above; and

(3)      I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: 02-16-24

_____
*Defendant's signature*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

### JUDICIAL OFFICER/CLERK OF COURT

Date: _____

_____
*Signature of Judicial Officer/Clerk or Deputy Clerk*

Approved.

Date: 2/16/2024

_____
*Magistrate Judge/Judge's signature*

**SEALED**

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | |
|---|---|
| United States of America )<br>v. )<br>CHARLES TYLER HIMBER )<br> )<br> )<br>*Defendant* ) | Case No.  24-11 MAG |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)  The defendant must not violate federal, state, or local law while on release.

(2)  The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3)  The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)  The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: _____ NEW ORLEANS, LOUISIANA _____
*Place*

on _____ WHEN ORDERED _____
*Date and Time*

If blank, defendant will be notified of next appearance.

(5)  The defendant must sign an Appearance Bond, if ordered.

AO 199B  (Rev. 10/20)  Additional Conditions of Release                                      Page _2_ of _4_ Pages

# ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ☐ )  (6)  The defendant is placed in the custody of:
Person or organization _____
Address *(only if above is an organization)* _____
City and state _____          Tel. No. _____
who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____          _____
                         *Custodian*                                             *Date*

( ■ )  (7)  The defendant must:
( ☑ )  (a)  submit to supervision by and report for supervision to the   U.S. Probation through office visits ONLY _____ ,
telephone number _____ , no later than _____ .
( ☐ )  (b)  continue or actively seek employment.
( ☐ )  (c)  continue or start an education program.
( , )  (d)  surrender any passport to:   U. S. Probation
( ☐ )  (e)  not obtain a passport or other international travel document.
( ☑ )  (f)  abide by the following restrictions on personal association, residence, or travel:   Travel Restricted to the Eastern District of Louisiana with the
allowance to continental U.S. with prior approval by U.S. Probation
( ☐ )  (g)  avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: _____
( ☐ )  (h)  get medical or psychiatric treatment: _____
_____
( ☐ )  (i)  return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____
( ☐ )  (j)  maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
( ☑ )  (k)  not possess or attempt to possess a firearm, destructive device, or other weapon.
( ☐ )  (l)  not use alcohol ( ☐ ) at all ( ☐ ) excessively.
( ☐ )  (m)  not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
( ☐ )  (n)  submit to testing for a prohibited substance as instructed by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
( ☐ )  (o)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
( ☐ )  (p)  participate in one of the following location restriction programs and comply with its requirements as directed.
( ☐ )  (i)  **Curfew.** You are restricted to your residence every day ( ☐ ) from _____ to _____ , or ( ☐ ) as directed by the pretrial services office or supervising officer; or
( ☐ )  (ii)  **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
( ☐ )  (iii)  **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court; or
( ☐ )  (iv)  **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court.
Note: Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.
( ☐ )  (q)  submit to the following location monitoring technology and comply with its requirements as directed: _____



## ADDITIONAL CONDITIONS OF RELEASE

( ☐ ) (i)     Location monitoring technology as directed by the pretrial services or supervising officer; or
( ☐ ) (ii)    Voice Recognition; or
( ☐ ) (iii)   Radio Frequency; or
( ☐ ) (iv)   GPS.

( ☐ ) (r)   pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

( ☑ ) (s)   report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( ☑ ) (t)   Stay away from Washington DC except for court proceedings.
Resolve any outstanding attachments in 22nd Judicial District Court within 30 days of release.

Allowed to travel offshore for work purposes; International travel must be approved by the court.

~
~



AO 199C  (Rev. 09/08)  Advice of Penalties                                  Page ___4___  of  ___4___  Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Defendant's Signature

Slidel, LA
_____
City and State

### Directions to the United States Marshal

( X ) The defendant is ORDERED released after processing.

(    ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: February 16, 2024              _____
Judicial Officer's Signature

Donna Phillips Currault, U. S. Magistrate Judge
*Printed name and title*

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

AO 467 (Rev. 01/09) Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail



# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Louisiana

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 24-11 MAG |
| CHARLES TYLER HIMBER | ) | |
| | ) | Charging District:        District of Columbia |
| _____ | ) | Charging District's Case No.  1:24-mj-00013 |
| *Defendant* | ) | |

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT
## WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges. If the time to appear in that court has not yet been set, the defendant must appear when notified to do so. Otherwise, the time and place to appear in that court are:

| Place: Zoom - Link attached | Courtroom No.:  07 Judge Meriweather |
|---|---|
| | Date and Time: 2/27/2024 12:30 pm |

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date:  2-16-24

*Judge's signature*

**Donna Phillips Currault**
**United States Magistrate Judge**

_____
*Printed name and title*

CLOSED

Jump to Docket Table

# U.S. District Court
## Eastern District of Louisiana (New Orleans)
## CRIMINAL DOCKET FOR CASE #: 2:24−mj−00011−DM All Defendants
### *Internal Use Only*

Case title: USA v. Himber

Other court case number:  1:24−mj−00013 District of Columbia

Date Filed: 02/16/2024

Date Terminated: 02/16/2024

Assigned to: Magistrate Duty Magistrate

**Defendant (1)**

**Charles Tyler Himber**
*TERMINATED: 02/16/2024*

represented by **Claude J. Kelly**
Federal Public Defender's Office
Hale Boggs Federal Building
500 Poydras Street
Room 318
New Orleans, LA 70130
504−589−7939
Email: claude_kelly@fd.org
*TERMINATED: 02/16/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender Appointment*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

None

**Disposition**

**Plaintiff**

**USA**

represented by **Christine Marie Calogero**
U.S. Attorney's Office
Eastern District of Louisiana
650 Poydras Street
Suite 1600
New Orleans, LA 70130
504−680−3059
Email: chrissy.calogero@usdoj.gov
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

Email to Active Attorneys' Primary Addresses
Email to All Attorneys' Primary Addresses
Email to Casewide NEF Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 02/16/2024 | 1 | Minute Entry for proceedings held before Magistrate Judge Donna Phillips Currault:Initial Appearance as to Charles Tyler Himber held on 2/16/2024. Defendant Released. (Court Reporter Magistrate Clerical.) (Attachments: # 1 Papers from DC, # 2 Criminal Magistrate Case Sheet) (am) (Entered: 02/16/2024) |
| 02/16/2024 | 2 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Charles Tyler Himber. Claude J. Kelly for Charles Tyler Himber appointed. Signed by Magistrate Judge Donna Phillips Currault on 02/16/2024. (am) (Entered: 02/16/2024) |
| 02/16/2024 | 3 | CJA 23 Financial Affidavit by Charles Tyler Himber (am) (Entered: 02/16/2024) |
| 02/16/2024 | 4 | Unsecured Appearance Bond Bond Set & Executed as to Charles Tyler Himber in amount of $ 5000.00. Defendant Released. (am) (Entered: 02/16/2024) |
| 02/16/2024 | 5 | ORDER Setting Conditions of Release. Signed by Magistrate Judge Donna Phillips Currault on 02/16/2024. (am) (Entered: 02/16/2024) |
| 02/16/2024 | 6 | WAIVER of Rule 5 & 5.1 Hearings by Charles Tyler Himber (am) (Entered: 02/16/2024) |
| 02/16/2024 | 7 | ORDER OF REMOVAL to District of of Columbia as to Charles Tyler Himber. Signed by Magistrate Judge Donna Phillips Currault on 02/16/2024. (am) (Entered: 02/16/2024) |
| 02/16/2024 | 8 | ███████████████████████████ |

USA v. HIMBER (2:24−mj−00011−DM)